# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 08, 2023*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Apple IPhone Cellular Telephone<br>International Mobile Equipment Identity #<br>350419531810305 | )<br>)<br>)<br>)<br>)<br>) |

Case No.   **4:23-mj-987**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. | Sections 841, and 846 |

The application is based on these facts:

(See the Affidavit in Support of Search Warrant)

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Jason B Rogers*
*Applicant's signature*

Jason B Rogers TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ Telephonically _____ *(specify reliable electronic means).*

Date: _____ May 08, 2023 _____

*Judge's signature*

City and state:  Houston, Texas

Hon. Christina A. Bryan / United States Magistrate
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF:** **Black IPhone cellular telephone, IMEI 350419531810305 (Target Device); Currently located at the Houston Division Drug Enforcement Administration Office, Non-Drug Evidence Room** | **4:23-mj-987** |

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Task Force Officer Jason Rogers with the Drug Enforcement Administration (DEA), Houston Division Office, Houston, Texas, being duly sworn, depose and say:

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      Your affiant is a Special Agent / Task Force Officer of the United States Drug Enforcement Administration (DEA) within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18.

3.      I am a Task Force Officer with the Drug Enforcement Agency.  I have been a Law Enforcement Officer since June 2009 and Deputized as a Federal Officer since October 2018.  I have participated in investigations of unlawful narcotics distribution, and, among other things have conducted or participated in surveillances, the execution of search warrants; debriefings of confidential sources.  Through my training, education and experience, I have become familiar with

1

the manner in which illegal drugs are transported, stored and distributed, and the methods of payments for such drugs.  I am also familiar with the methods by which narcotic traffickers communicate and the code words commonly used by narcotics traffickers.   Your affiant has received courses of instruction from the DEA relative to the investigative techniques and the conducting of drug and financial investigations.  Your affiant has participated in and conducted investigations which have resulted in the arrests of individuals who have smuggled, received and distributed controlled substances.

4.     Your affiant has participated in investigations involving the interception of wire communications and is familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing drugs, their use of cellular telephones, and their use of numerical codes and code words to conduct their transactions.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

6.     The property to be searched is a black in color IPhone cellular telephone, IMEI 350419531810305 ("**Target Device**").   The **Target Device** is currently located at the Houston Division Drug Enforcement Administration Office Non-Drug Evidence Room.

## PROBABLE CAUSE

7.     In November 2022, DEA Houston initiated a spin-off investigation targeting Andres REYES-Morales, aka CHANEQUILO (hereinafter REYES), a United States based

2

operative of a Transnational Criminal Organization (TCO), responsible for smuggling and distributing multi-kilogram quantities of methamphetamine, cocaine, fentanyl, and heroin from Mexico into South Texas and onto Houston, Texas.  Agents previously utilized multiple investigative techniques to include, but not limited to, physical/electronic surveillance, T-III interceptions of multiple target devices, search warrants, GPS ping and pen-register warrants, and debriefs of cooperating defendants who identified REYES as a methamphetamine conversion lab operator, courier, and now facilitator for the TCO.  During this investigation, agents corroborated, through multiple T-III interceptions of REYES and multiple cooperating defendant debriefs, that REYES utilizes cellular devices to communicate and conspire with other individuals to smuggle, traffic, and manufacture drugs in the United States.

8.     On November 29, 2022, agents utilized a Confidential Source (hereinafter CS), to conduct a controlled purchase of approximately 1 kilogram of crystal methamphetamine from the TCO in Houston, Texas.  During this operation, the CS contacted REYES via consensual phone recordings to coordinate this purchase.  REYES utilized his cellular telephone device that was assigned cellular telephone number (346) 368-5089 to coordinate and facilitate this transaction. During this operation, REYES was known to be out of state and utilized cellular communication between the CS and DTO members located in Houston, Texas to facilitate the transaction.  During the operation, the CS met with a courier, who the CS never communicated with via telephone. This further corroborates that REYES utilized cellular communication and/or WhatsApp communication from his cellular device to communicate with other DTO members to arrange for the courier to travel to the meet location and make the exchange with the CS.  Agents live monitored the CS during this operation and could hear REYES communicating with the CS over the CS' cellular device during the operation.  Agents also have direct knowledge from CS debriefs

that REYES often utilized WhatsApp messaging application from his cellular device to communicate with the CS and others for the purpose of trafficking drugs.  Agents have reviewed the CS' phone and have been present when the CS has received pertinent information via WhatsApp from REYES in regards to drug transactions and firearm trafficking.  Further, agents live monitored and recorded phone conversations between CS and REYES, utilizing cellular telephone number (346) 368-5089, in reference to the phone contact between CS and REYES leading up to controlled purchase of methamphetamine on November 29, 2022.

9.     On February 2, 2023, Agents utilized the CS to conduct another controlled purchase of methamphetamine from REYES and associates.  During the operation, the CS and REYES utilized WhatsApp to communicate.  Agents did record and capture communications between REYES and the CS during the day's operation.  During this operation, the CS met with a courier, identified as Francisco Reyes SOLORZANO-Duarte (hereinafter SOLORZANO), and another unidentified driver to conduct the transactions.  In this operation, the CS contacted REYES multiple times through cellular communications via WhatsApp to coordinate and facilitate the transactions.  Once again, REYES provided instructions to the CS via cellular communications, providing the location to meet with the couriers.  The CS conducted a controlled purchase of approximately 2 kilograms of methamphetamine, and then at the direction of controlling agents, requested an additional 2 kilograms of methamphetamine from REYES via cellular communications.  REYES again had to use his cellular telephone device to coordinate these deliveries to the CS.

10.     Further, agents have conducted telephone toll analysis of the cellular telephone number (346) 368-5089 identified to be utilized by REYES, including obtaining a WhatsApp pen

register for the assigned (346) 368-5089 cellular telephone number, and identified multiple cellular telephone numbers associated to the DTO in communication with REYES.

11.     On April 14, 2023, agents, along with members of the Harris County Sheriff's Office Viper Unit executed a felony warrant service at 11212 Westpark Dr., #239, Houston, Texas after learning that REYES had an outstanding felony warrant for his arrest out of Harris County, Texas.  During this operation, REYES was taken into custody and found to be in possession of the **TARGET DEVICE**.  Agents discovered a Mexico Identification card in the case of the **TARGET DEVICE** with REYES' photograph on the identification.   REYES claimed the **TARGET DEVICE** as his.  On this same date, agents obtained a signed federal complaint for REYES.  When agents asked for the passcode to unlock **TARGET DEVICE**, REYES provided a passcode that did not work.  When agents asked for the right passcode, REYES requested his attorney and the questioning was terminated.  Agents believe that this **TARGET DEVICE** was being utilized by REYES to facilitate drug transactions.  Agents know from previous actions in this investigation referenced above that REYES utilizes cellular telephone devices to facilitate drug transactions.

12.     Affiant knows that cellular phones are commonly used to coordinate smuggling activities among transporters of narcotics and other members of a drug trafficking organization involved in smuggling attempts.

13.     The **TARGET DEVICE** is currently in the lawful possession of the Drug Enforcement Administration Houston Division.  Therefore, while the DEA might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

14.     The **TARGET DEVICE** is currently stored at the Houston Division Drug Enforcement Administration Office, Non-Drug Evidence Room.  In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the devices first came into the possession of the DEA.

## **TECHNICAL TERMS**

15.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  Wireless telephone:   A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.   These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.   A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.   These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.   Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.  Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  Portable media player:  A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files.  However, a portable media player can also store other digital data.  Some portable media players can use removable storage media.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can also store any digital data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.  GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an

7

extremely accurate clock.   Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.   These signals are sent by radio, using specifications that are publicly available.   A GPS antenna on Earth can receive those signals.   When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.   PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs.   Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.   PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data.   Removable storage media include various types of flash memory cards or miniature hard drives.   This removable storage media can store any digital data.   Most PDAs run computer software, giving them many of the same capabilities as personal computers.   For example, PDA users can work with word-processing documents, spreadsheets, and presentations.   PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

16.   Based on my training, experience, and research, I know that TARGET DEVICE has capabilities that allow it to serve as a wireless telephone, a portable media player, PDA, Wi-Fi hotspot, GPS, and a digital camera.   In my training and experience, examining data stored on

devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

18.     *Nature of examination*.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19.     *Manner of execution*.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20.     I submit that this affidavit supports probable cause for a search warrant authorizing

the  examination  of  the  Device  described  in  Attachment  A  to  seek  the  items  described  in

Attachment B.

Respectfully submitted,

Jason Rogers
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to telephonically on the 8th day of May, 2023 and I find probable cause.

Christina A. Bryan
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT (A)**

1.      The property to be searched is a black in color IPhone cellular telephone, IMEI 350419531810305 (Target Device).   Target Device is currently located at the Houston Division Drug Enforcement Administration Office Non-Drug Evidence Room.

## ATTACHMENT (B)

1.      The cellular telephone as described in Attachment A, and containing evidence

pertaining to, transportation and/or distribution of controlled substances and conspiracy of the

same is being stored; the said evidence being:

    a. Any caller identification information

    b. Any call log information

    c. Any e-mail identification information

    d. Any telephone numbers, address information or other identification information

    e. Any Stored messages

    f. Any Stored Photographs

    g. Any Cell site information

ITEM (g) IS RESTRCITED TO "CELL SITE INFO." STORED ON  PHONE AND DOES NOT TO INCLUDE "CELL SITE INFORMATION" WHICH MAY BE STORED BY A PROVIDER OR IN ANOTHER JURISDICTION.  CAB 05/08/2023

2. Evidence of user attribution showing who used or owned the Device at the time the

things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved

usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of

evidence in whatever form and by whatever means they may have been created or stored, including

any form of computer or electronic storage (such as flash memory or other media that can store

data) and any photographic form.